IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDRA RADASCI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 07-00483 |
| ) | |
| THE BOROUGH OF BRENTWOOD, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This matter is before the on Defendant Borough of Brentwood's Partial Motion to Dismiss Plaintiff's Amended Complaint [DE 23] as well as Defendant Borough of Brentwood's Memorandum of law in Support of Partial Motion to Dismiss Plaintiff's Amended Complaint [DE 24], filed on July 25, 2007. On August 22, 2007, the Plaintiff filed Plaintiff's Response to Defendant's Motion for Partial Dismissal of the Amended Complaint [DE 26]. In its motion, Defendant Borough of Brentwood moves for dismissal of Plaintiff's Fourteenth Amendment claims and moves to strike ¶50 of Plaintiff's Amended Complaint in Civil Action (hereinafter, "Amended Complaint"). For the foregoing reasons, said motion is granted in part and denied part.

I.   *Dismiss Fourteenth Amendment claims*

In its motion, Defendant Borough of Brentwood moves to dismiss Plaintiff's claims for violation of her procedural and substantive due process rights pursuant to the Fourteenth Amendment. In response, the Plaintiff stipulates to "dismissal with prejudice of all Fourteenth Amendment Claims against defendant (procedural and substantive due process)." Docket No. 26, at 1. Accordingly, based on the agreement of the parties, Defendant Borough of Brentwood's Motion to the extent that it seeks dismissal of Plaintiff's Fourteenth Amendment claims (procedural

and substantive due process) is granted and said claims are dismissed with prejudice.

II.     Strike ¶50

Defendant Borough of Brentwood moves to strike ¶50 from Plaintiff's Amended Complaint arguing that it constitutes "irrelevant scandalous information." Docket No. 24, at 7. The Plaintiff responds asserting ¶50 is "directly relevant to the credibility and/or impeachment of Defendant Dytko" because "[a]ny convictions of fraud crimes of fraud are relevant and admissible as they may challenge the veracity of defendant's defenses." Docket No. 26, at 1.

Pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will be generally be denied unless the material bears no possible relation to the matter at issue and *may* result in prejudice to the moving party." *Dixon v. Boscov's, Inc.*, No. CIV. A. 02-1222, 2002 WL 1740583, at *4 (E.D. Pa. July 17, 2002) (citations omitted) (emphasis added); *see also Downing v. York County Dist. Atty.*, No. Civ. 1:CV-05-0351, 2005 WL 1210949, at *1 (M.D. Pa. Apr. 21, 2005) (citation omitted).

Here, Defendant Borough of Brentwood moves to strike ¶50, which provides, in full: "It was recently discovered that President Mary Dytko has a prior criminal record of fraud and has recently been charged again with new counts of criminal fraud and steps are being taken to remove her from counsel." Docket No. 18, at 6. The Court finds that this information constitutes scandalous as well as immaterial and impertinent matter in that the information contained in ¶50 is entirely irrelevant to any of the Plaintiff's claims, which, pursuant to 42 U.S.C. 1983, sound in retaliation for First Amendment speech and association. *See* Docket No. 18, at ¶3. Furthermore, in the Court's view, such inflammatory and opprobrious matter may result in prejudice to Defendant Borough of

Brentwood in that ¶50 directly attacks the president of the Borough of Brentwood Council.

Accordingly, the Court grants in part and denies in part Defendant Borough of Brentwood's Motion to the extent that it moves to strike ¶50 of Plaintiff's Amended Complaint: the court grants the Motion to the extent that ¶50 details Defendant Dytko's alleged prior criminal record of fraud and alleged new counts of criminal fraud but denies the motion to the extent that ¶50 details steps being taken to remove Defendant Dytko from the Borough of Brentwood Council.

### III.   Conclusion

Based on the foregoing, Defendant Borough of Brentwood's Partial Motion to Dismiss Plaintiff's Amended Complaint [DE 23] is GRANTED in part and DENIED in part.  Defendant's Motion is granted to the extent that it requests dismissal of Plaintiff's claims for violation of her procedural and substantive due process rights pursuant to the Fourteenth Amendment and said claims are dismissed with prejudice.  Further, Defendant Borough of Brentwood's Motion is granted to the extent that it moves to strike ¶50 of Plaintiff's Amended Complaint but only as to matter regarding Defendant Dytko's alleged prior criminal record of fraud and alleged new counts of criminal fraud and the Court strikes said matter.  However, Defendant Borough of Brentwood's Motion is denied to the extent that it moves to strike ¶50 of Plaintiff's Amended Complaint as to matter regarding steps being taken to remove Defendant Dytko from the Borough of Brentwood Council.

Dated:  August 28, 2007

>                              s/ Nora Barry Fischer
>                              Nora Barry Fischer
>                              United States District Judge

cc/ecf:  All counsel of record.